IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DATATEC SYSTEMS, INC. and | ) | Case No. 04-13536 (PJW) |
| DATATEC INDUSTRIES, INC., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Re: Docket No. 464 |

**LIQUIDATING TRUSTEE'S STATEMENT OF ISSUES AND
COUNTERDESIGNATION OF ADDITIONAL ITEMS TO BE
INCLUDED IN RECORD ON APPEAL**

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Stephen S. Gray, the liquidating trustee (the "Liquidating Trustee") of the chapter 11 estates of Datatec Systems, Inc. and Datatec Industries, Inc. (collectively, the Debtors), on behalf of the Datatec Trust, successor in interest to the Debtors pursuant to the Debtors' Second Amended Joint Plan of Liquidation, hereby submits his statement of the issues on appeal and designates the following additional items to be included in the record on Technology Infrastructure Solutions, Inc.'s appeal of the following orders: (i) Order Denying Motion of Technology Infrastructure Solutions, Inc. for an Order Enforcing Asset Purchase Agreement and Sale Order Against Debtors; and (ii) Order Denying the Motion of Technology Infrastructure Solutions, Inc. for Alteration or Amendment of Judgment Pursuant to Fed. R. Civ. P. 59(e), as Incorporated by Fed. R. Bankr. P. 9023.

I.   **STATEMENT OF THE ISSUES ON APPEAL**

   **A.**   Whether, in reaching its first alternative holding, the bankruptcy court erred in holding that the rights to certain insurance premium refunds were not transferred under an admittedly unambiguous Asset Purchase Agreement ("APA") because the refund entitlement did not exist prior to the Closing Date and the APA specifically limited the assets transferred under the APA to those "existing on the Closing Date."

B.      Whether, in reaching its second alternative holding, the bankruptcy court erred in holding that the rights to certain insurance premium refunds were not transferred under an admittedly unambiguous APA because the rights to such insurance premium refunds were contained in the definition "Excluded Assets" in the APA and were excepted from the definition of "Assets" under the APA.

## II.    COUNTERDESIGNATION OF THE RECORD ON APPEAL

| Item No. | Document | Docket No. |
|---|---|---|
| 1 | Debtor's Second Amended Joint Plan of Liquidation | 375 |
| 2 | Certification of Bruce Buechler in Support of Joint Objection of the Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors to the Motion of Technology Infrastructure Solutions, Inc. for an Order Enforcing Asset Purchase Agreement and Sale Order Against Debtors | 397 |
| 3 | Order Confirming the Debtors' Second Amended Joint Plan of Liquidation | 405 |
| 4 | Notice of Effective Date | 423 |

Dated: December 16, 2005

BLANK ROME LLP

*/s/ signature/*

Bonnie Glantz Fatell (Bar No. 3809)
David W. Carickhoff, Jr. (Bar No. 3715)
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

Counsel for the Liquidating Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DATATEC SYSTEMS, INC. and | ) | Case No. 04-13536 (PJW) |
| DATATEC INDUSTRIES, INC., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |

## CERTIFICATE OF SERVICE

I, David W. Carickhoff, Jr., hereby certify that on December 16, 2005, I caused a copy of the following document to be served on the individuals on the attached service list in the manner indicated:

**Liquidating Trustee's Statement of Issues and Counterdesignation of Additional Items To Be Included In Record on Appeal**

_____
David W. Carickhoff, Jr. (Bar No. 3715)

122300.01600/40158590v.1